# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL J. CASTANON,<br><br>    Plaintiff,<br><br>    v.<br><br>L.A. SHERIFF DEPT AT LA COUNTY MENS CENTRAL JAIL,<br><br>    Defendant. | Case No. 2:21-cv-01275-VAP-AFM<br><br>**ORDER DENYING REQUEST FOR EXTENSION OF TIME AND DISMISSING ACTION WITHOUT PREJUDICE** |

    On January 14, 2021, the Court received a one-page document from plaintiff requesting an extension of time in which to file a civil suit. Plaintiff, an inmate at the California Correctional Institution in Tehachapi, California, states that he wishes to file a civil suit against the Los Angeles Sheriff's Department arising from an incident on January 27, 2020. Plaintiff states that he has been unable to use the prison law library because of restrictions related to the Covid-19 Pandemic. Plaintiff expresses concern that he is facing a "deadline" of January 27, 2021. Plaintiff has no currently pending action in this Court.

    Plaintiff previously filed another document with this Court that appeared to be requesting an extension of time in which to challenge his conviction or sentence. (*See Manuel J. Castanon v. Warden*, Case No. 2:20-cv-11459-VAP-AFM; ECF No. 1.) As the Court informed plaintiff in response to that document, the Court is

precluded from providing a litigant an advisory opinion as to a statute of limitations. (*See* ECF No. 3 at 2.)

Further, as the Court also previously advised plaintiff, because plaintiff has not yet filed an action, the Court may not grant plaintiff any relief without violating the "case or controversy" requirement of Article III, Section 2 of the United States Constitution.  A court may not decide hypothetical issues or render advisory opinions. *See, e.g., Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982) (courts "do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before" them); *Conrady v. Warden*, 2020 U.S. Dist. LEXIS 209542 (C.D. Cal. Nov. 9, 2020) (denying request in a letter from an inmate seeking appointed counsel to assist him in bringing a motion for compassionate release because no case or controversy was before the court); *Phillips v. Cnty. of Los Angeles*, 2019 U.S. Dist. LEXIS 191199 (C.D. Cal. Nov. 1, 2019) (denying request for an extension of time in which to file a civil rights complaint because no case or controversy existed and administratively closing the case).  In the absence of a pending civil action, the Court lacks subject matter jurisdiction to issue any order apart from the dismal of this action. *See, e.g., Munns v. Kerry*, 782 F.3d 402, 409 (9th Cir. 2015) ("Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'").

IT IS THEREFORE ORDERED THAT the request for an extension of time to file a civil action is DENIED, and this matter is dismissed without prejudice.

DATED:  February 19, 2021

VIRGINIA A. PHILLIPS
UNITED STATES DISTRICT JUDGE

2